**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

JEAN WHITING,

                Plaintiff,

- v -

CHRIS REDIEHS, *as Commissioner of the St. Lawrence Department of Social Services*, and THE SAINT LAWRENCE COUNTY COMMUNITY DEVELOPMENT CENTER,

                Defendants.

Civ. No. 8:19-CV-16
(TJM/DJS)

**APPEARANCES:**

EMPIRE JUSTICE CENTER
Attorney for Plaintiff
119 Washington Avenue, 3rd Floor
Albany, New York 12210

**OF COUNSEL:**

SUSAN C. ANTOS, ESQ.
SAIMA A. AKHTAR, ESQ.

**DANIEL J. STEWART
United States Magistrate Judge**

## DECISION and ORDER

The Clerk has sent for review a civil Complaint filed by Plaintiff Jean Whiting. Dkt. No. 1, Compl. Plaintiff has not paid the filing fee, but instead submitted a Motion to Proceed *in forma pauperis* ("IFP"). Dkt. No. 2, IFP App. By separate Order, this Court granted Plaintiff's Application to Proceed IFP. Now, in accordance with 28 U.S.C. § 1915(e), the Court will *sua sponte* review the sufficiency of the Complaint.

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain her complaint before permitting her to proceed further with his action. Generally, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The Complaint alleges that Defendants violated the Fair Labor Standards Act ("FLSA") by failing to compensate Plaintiff in compliance with minimum wage laws. Compl., ¶¶ 59-60. Plaintiff alleges that as a condition for receiving public assistance benefits she participated in a "Work Experience Program," but that Defendants subsequently recouped certain Social Security benefits to be paid to Plaintiff to offset assistance benefits previously paid to her. *Id.* at ¶¶ 2, 7-9. She alleges that the effect of doing so was to require her to work without being paid the legally required minimum wage. *Id.* at ¶ 10.

The scope of review here is limited to whether Plaintiff has alleged an arguable claim, not whether Plaintiff can ultimately prevail. The "FLSA imposes substantive wage, hour, and overtime standards, including requirements for the payment of a

2

minimum wage." *Flood v. Just Energy Mktg. Corp.*, 904 F.3d 219, 227 (2d Cir. 2018). There are exceptions to that general rule and exemptions from the minimum wage for certain categories of employees. *Id.* At this early stage of the proceedings, the Complaint sufficiently alleges that this requirement was not satisfied which warrants a responsive pleading from Defendants.

**ACCORDINGLY**, it is hereby

**ORDERED**, that Plaintiff's Complaint (Dkt. No. 1) be accepted for filing and that this case be allowed to proceed; and it is further

**ORDERED**, that the Clerk shall issue a summons and forward it, along with a copy of the Complaint, to the United States Marshal for service upon Defendants; and it is further

**ORDERED**, that a response to the Complaint be filed by Defendants, or their counsel, as provided for in the Federal Rules of Civil Procedure; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order upon Plaintiff's counsel.

Date: February 8, 2019
      Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge